## HENRY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 17, 1926.)

No. 4645.

**1. Intoxicating liquors ⬢⟶236(11).**

Evidence *held* sufficient to support conviction for selling liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

**2. Criminal law ⬢⟶938(1)—Motion for new trial on ground of newly discovered evidence held properly refused, when relating to defense of alibi, since defendant was fully advised of nature and time of offense, imposing on him duty to produce all testimony at his command.**

Motion for new trial on ground of newly discovered evidence *held* properly refused, where such evidence was largely cumulative and related to defense of alibi, and defendant was fully advised at all times as to nature of offense and time and manner of commission, imposing on him duty to produce all testimony at his command.

**3. Criminal law ⬢⟶942(2)—Motion for new trial because of newly discovered evidence that witness for prosecution had testified differently as to mere detail on following day held properly refused.**

Motion for new trial because of newly discovered evidence that witness for prosecution testified differently on another trial on following day as to a mere detail, *held* properly refused, where considerable time had elapsed between offense and trial.

**4. Criminal law ⬢⟶940—Proffered testimony that person in employ of prohibition officers was unfriendly to defendant held too remote as ground for new trial, such person not being witness.**

Proffered testimony, as grounds for motion for new trial, that person in employ of prohibition agents, testifying against accused. was unfriendly to accused and his father, and made threats against them, *held* too remote, where such person was not witness and had no connection with prosecution.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Raymond Henry was convicted of violations of the National Prohibition Act, and he brings error. Affirmed.

Bothwell & Chapman, of Twin Falls, Idaho, and Morgan & Smith, of Boise, Idaho, for plaintiff in error.

H. E. Ray, U. S. Atty., Wm. H. Langroise, Sp. Asst. U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., all of Boise, Idaho.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction on two counts of an information charging violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The government offered testimony tending to establish the following facts:

At the time of the commission of the offenses in question the plaintiff in error was the proprietor of a pool hall at Eden, Idaho. At or about 9 o'clock on the evening of April 2, 1924, two prohibition agents visited the hall, and saw two parties enter and purchase a bottle of moonshine whisky from the plaintiff in error at or over the counter. The parties making the purchase and the agents then retired from the hall, and three of them partook of the liquor so purchased. Some time later in the evening the four parties returned to the hall, and one of the prohibition agents made a further purchase of moonshine whisky from the plaintiff in error. The two prohibition agents positively identified the plaintiff in error as the party who made the two sales, and, while the other two witnesses were unable to identify him, they both testified to the two sales, and that both sales were made by the same party. The plaintiff in error offered testimony tending to show that no sales were in fact made, and that the plaintiff in error was in attendance upon a dance that evening, and was not at or near the pool hall for some hours before, nor until some hours after, the sales were made.

[1-4] The principal assignments of error, and the only ones discussed in the briefs or on the oral argument, are based on the insufficiency of the evidence to support the verdict and on the refusal of a new trial. The sufficiency of the above testimony to support the verdict is so apparent that this assignment of error is wholly without merit. Nor was there error in the ruling on the motion for a new trial. That motion was addressed to the sound discretion of the court, and no abuse of discretion is shown, for two reasons: First, the so-called newly discovered evidence was largely cumulative; and, second, as a matter of fact the evidence was not newly discovered at all. All the newly discovered evidence, except as hereinafter noticed, related to the defense of alibi. The plaintiff in error was fully advised as to the nature of the offenses and the time and manner of their commission by the information, and more especially by the testimony given on a former trial of the same case. Under such circumstances it was his plain duty to produce all the testimony at his com-

mand, and, having failed to do so, he cannot now insist that he should be given another opportunity to offer testimony before a new jury which he should have offered on his last trial.

The testimony which was not cumulative was this: First, it is contended that one of the witnesses for the prosecution testified differently on another trial in the same court on the following day. The testimony given by this witness on the other trial appears in the transcript, and from inspection it would seem that the witness was somewhat uncertain whether, after drinking from the bottle of liquor first purchased, the parties returned to the pool hall or to a drug store. This was a mere detail in his testimony, and, inasmuch as considerable time had elapsed since the sales, it may well be that the witness was doubtful or uncertain as to his movements on the night in question. In any event, the whole matter was addressed to the discretion of the trial court.

Again, there was testimony tending to show that one Cox was in the employ of the prohibition agents at the time in question, and that he was in or about Eden at or about the time of the commission of these offenses. It was further shown that the relations between Cox and the plaintiff in error, and more especially between Cox and the father of the plaintiff in error, were unfriendly, and that Cox had made threats against the plaintiff in error and his father. Cox was not a witness at the trial, and, so far as the record discloses, had no connection with the prosecution. Under such circumstances, the proffered testimony was entirely too remote. Dampier v. United States (C. C. A.) 2 F. (2d) 329.

The judgment is affirmed.